UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | VIOLATIONS: 21 U.S.C. §841 |
| | : | (Possession with Intent to Distribute Cocaine) |
| ANTONIO MOLINA | : | |
| Defendant. | : | |
| | : | |

**UNDER SEAL**

GOVERNMENT'S MOTION TO SEAL THE CRIMINAL
INFORMATION AND OTHER PLEADINGS, RECORDS,
PROCEEDINGS AND FILES AND TO DELAY ENTRY ON THE
PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL

    The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the accompanying criminal information and plea agreement, as well as all other pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters. In support of this motion, the government states as follows:

    The defendant in this case has agreed to enter a plea of guilty to an information that charges a violation of the narcotics laws. A copy of the criminal information and plea agreement have been provided to the Court under separate cover.

    The sealing is necessary because the plea agreement and related pleadings contain sensitive information, and disclosure of which would not be in the interest of either the defendant, the government or the public.

    As part of his plea agreement, the defendant has agreed to cooperate with the government. Accordingly, it is essential that any information concerning his having a pending case in this

district, as well as the fact of his pleading guilty, be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue his cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (4) causing potential witnesses and targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major narcotics violators in general and the defendant's former associates in particular.

It is common practice for individuals associated with drug organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. It is common knowledge to criminal organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk to the personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation

and a compelling governmental interest which justify not only the sealing of the criminal information and all other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until (1) the substantial risk to the personal safety of cooperating individuals no longer exists; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case.

Defense counsel, Joanne Vasco, has been advised of the contents of this motion and has informed the undersigned prosecutor of his support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar No. 498-610
United States Attorney

_____
ARVIND K. LAL, Bar Number 389489
Assistant United States Attorney
Narcotics & Organized Crime Section
555 4th Street, N.W., Room 4237
Washington, DC 20530
(202) 353-8833

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion has been served by telecopier to counsel for the defendant, Joanne Vasco, Esquire, on this 14th day of December, 2006.

_____
Arvind K. Lal
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | VIOLATIONS: 21 U.S.C. §841 |
| | : | (Possession with Intent to Distribute Cocaine) |
| ANTONIO MOLINA | : | |
| Defendant. | : | |
| _____ | : | |

ORDER

Based on the representations in the government's motion to seal the accompanying criminal information and plea agreement, as well as all other pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters, this Court makes the following:

FINDINGS OF FACT

Pursuant to the plea agreement in this case, the defendant has agreed to cooperate with the United States in an ongoing criminal/grand jury narcotics investigation.

The general public is not aware that the defendant has agreed to cooperate with the United States in this ongoing investigation.

The defendant's cooperation includes the possibility of covert activities which due to the nature of the investigation pose a substantial risk to the personal safety of the defendant, undercover agents and other law enforcement officials.

The public docketing at this time of any notice that the government has filed a motion to seal the criminal information and other pleadings, records, proceedings and files and to delay entry on the public docket of the filing of this motion to seal, as well as the Order granting such

motion will likely substantially jeopardize an ongoing criminal investigation and place the personal safety of parties involved in the covert investigation, as well as innocent bystanders, at substantial risk.

Based on the representations in the government's motion, and this Court's findings of facts, this Court finds that there is a compelling governmental interest in sealing the pleadings, records and files in this case and that an extraordinary situation exists which justifies a delay in the public docketing of any notice that the government's motion and this Order have been filed with the Criminal Clerk's office under seal.

Based on the above, it is this _____ day of _____ 2006, hereby

ORDERED that this Order, and the attached government motion to seal the criminal information and other pleadings, recordings, proceedings, and files and to delay entry on the public docket of the filing of this motion to seal with exhibits shall be filed under seal in the Criminal Clerk's office until further order of this Court.

It is further ORDERED that the criminal information, all proceedings and all pleadings, records and files in this case shall be placed under seal by the Criminal Clerk's office until further order of this Court.

It is further ORDERED that the Criminal Clerk's office shall not make any entry on the public docket in this case of the filing of the criminal information, the government's motion to seal and the Order granting such motion, and other pleadings filed under seal in this case until further order of this Court.

It is further ORDERED that notwithstanding the other provisions of this ORDER, the government shall be permitted to request a transcript of the plea proceedings in this case, the Court Reporter shall be permitted to prepare such a transcript and provide it to the government, and there may be a limited lifting of this sealing order to allow the government to comply with noticing and publishing requirements to effectuate any consent order of forfeiture that may be filed as part of this case, or to comply with its discovery, <u>Giglio</u> and <u>Brady</u> obligations in any pending criminal case in which the defendant herein may be called as a witness.

It is further ORDERED, that notwithstanding other provisions of this order, absent good cause shown after notice to the parties herein, this matter shall be unsealed 24 months after the final imposition of sentence.

_____
JAMES ROBERTSON
United States District Court Judge
for the District of Columbia