**SEALED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 16 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 06-361 (JR) |
| v. : | |
| ANTONIO MOLINA : | |
| Defendant. : | |

## PROFFER OF EVIDENCE

If this case were to go to trial, the government's evidence would establish beyond a reasonable doubt:

1. On or about March 11, 2006, within the District of Columbia, officers of the Metropolitan Police Department (hereinafter "officers") received information from a source that a group of individuals were offering kilograms of cocaine for sale. Arrangements were ultimately made to meet in the rear of a parking lot of a post office located in the 6300 block of Georgia Avenue, N.W., Washington, D.C. After these individuals arrived at the parking lot, they had difficulty opening a hidden compartment located under the front bench seat of the pick up truck where the kilograms of cocaine were located. After the compartment was opened, the source contacted the undercover officer to come to the parking lot. After an undercover officer arrived in the parking lot and flashed the buy money to the individuals, including defendant Antonio Molina, another co-defendant picked up a kilogram of cocaine from a hidden compartment in a white Mitsubishi pick up truck and showed it to the undercover officer. Moments later, other police officers moved into the area and arrested five individuals, including Mr. Molina. Recovered from the hidden compartment under the front seat were three kilograms of cocaine. The Drug

Enforcement Administration's Mid-Atlantic laboratory later tested the recovered narcotics and concluded that it was 3.013 kilograms of cocaine hydrochloride.

2   In the days prior to March 11, 2006, while Mr. Molina was in the Atlanta, Georgia metropolitan area, he had discussions with an informant in the Washington, D.C. area about the sale of kilograms of cocaine. Mr. Molina put the informant in touch with co-defendant David Sanchez who agreed to supply the informant with two kilograms of cocaine. On or about March 10, 2006, Mr. Sanches, Mr. Molina and Otoniel Orduno left Atlanta, Georgia and began driving north towards Washington, D.C. On or about the morning of March 11, 2006, they stopped at a gas station near a particular exit off of Interstate 95 in the vicinity of Richmond, Virginia. Upon arriving at this gas station, the three men met Fernando Nunez-Zarco and Silvio Moralez-Nunez who arrived in a white Mitsubishi pick up truck and a blue Plymouth Neon. Mr. Sanchez, Mr. Molina and Mr. Orduno advised Mr. Nunez-Zarco and Mr. Moralez-Nunez that the vehicle that the three men had been driving was not working well and/or had broken down. They then asked Mr. Nunez-Zarco and Mr. Moralez-Nunez to drive them farther north on Interstate 95 and Mr. Nunez-Zarco and Mr. Moralez-Nunez agreed to do so. These five individuals ultimately arrived at the parking lot of the post office located in the 6300 block of Georgia Avenue, N.W., Washington, D.C.

3   Mr. Molina acknowledges that he knowingly and intentionally possessed the cocaine with the intent to distribute it.

<u>Limited Nature of Proffer</u>

4. This proffer of evidence is not intended to constitute a complete statement of all facts known by Mr. Molina but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for defendant's plea of guilty to the charged crime.

          Respectfully submitted,

          JEFFREY A. TAYLOR
          United States Attorney
          Bar Number 498-610

          ARVIND K. LAL
          Assistant United States Attorney
          Narcotics and Organized Crime Division
          Bar Number 389496
          555 4th Street, N.W., Room 4217
          Washington, DC 20530
          (202) 353-8833

## DEFENDANT'S ACCEPTANCE

I have read the Proffer of Evidence setting forth the facts as to my possession of cocaine with the intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(ii). I have discussed this proffer fully with my attorney, Joanne Vasco, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 2/16/07                             *Antonio Molina*
                                          Antonio Molina
                                          Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer cocaine with the intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(ii). I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 2-16-07                             *Joanne Vasco*
                                          Joanne Vasco, Esquire
                                          Counsel for Antonio Molina