UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 06-361 (JR) |
| : | |
| : | **FILED UNDER SEAL** |
| ANTONIO MOLINA : | |
| Defendant. : | |
| : | |

**GOVERNMENT'S MOTION FOR DEPARTURE FROM GUIDELINE SENTENCE
AND MANDATORY MINIMUM SENTENCE AND SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion to depart from the sentence otherwise required by the Sentencing Guidelines and the United Stated Code and also submits this memorandum in aid of sentencing.

I.    The Government's Departure Motion

The United States of America, respectfully moves this Court to find that the defendant, Antonio Molina, is entitled to the benefits of a sentencing departure as provided by Title 18, United States Code, § 3553(e) and § 5K1.1 of the United States Sentencing Guidelines. These provisions authorize the Court, upon motion of the government, to impose a sentence below the minimum which would otherwise be required by statute and the sentencing guidelines. The United States submits this motion based on the substantial assistance which the defendant has rendered in the investigation and prosecution of other persons.

On February 16, 2007, Mr. Molina pled guilty to Possession with Intent to Distribute Cocaine. Mr. Bing's cooperation included providing information against his co-defendants in the case in which he was indicted and also additional information about individuals with whom he and his co-conspirators had dealt. The defendants in the underlying case have all pled guilty. Therefore,

although Mr. Molina had agreed to, and was prepared to, testify against them, he will not have to do so.

Section 5K1.1 of the Sentencing Guidelines lists certain factors that are to be considered in determining the appropriate reduction to be made when the Government files motions such as this one. With respect to these factors, the Government submits that the defendant's assistance was both significant and useful. The Government does not have reason to believe that the information provided by the defendant was not truthful, complete or reliable. The nature and extent of the defendant's assistance is set forth in the previous paragraph. The defendant did not suffer any injuries during the course of his cooperation. The information provided by the defendant was also timely.

II.     Calculation of Range Under the Sentencing Guidelines

In his plea agreement, Mr. Molina agreed that his relevant conduct for sentencing purposes was more than two kilograms but less than three and one-half kilograms of cocaine. See PSR at ¶ 3. This equates to a base offense level of 28. See PSR at ¶ 13. The Government agreed in the plea agreement that Mr. Molina's base offense level should be reduced by three levels for acceptance of responsibility. See Plea Letter at ¶ 22.[1]  The presentence report also clarifies that because Mr. Molina is in Criminal History category I, he is eligible for an additional two point reduction because he satisfies the requirements of the safety valve provisions of the Guidelines. See PSR at ¶ 14 and U.S.S.G. §§ 5C1.2 and 2D1.1(b)(7). Mr. Molina therefore has an adjusted base offense level of 23.

As noted above, Mr. Molina's criminal history category is I because he has zero criminal history points. See PSR at ¶ 24. The resulting range in the Guidelines Sentencing table is 46-57

---

[1] In accordance with its obligations under the plea agreement, the Government respectfully moves the Court to adjust Mr. Molina's offense level down one additional point, for a total of a three level reduction, to properly reflect Mr. Molina's early plea of guilty in this matter.

months. Based upon Mr. Molina's substantial assistance to the Government, the Government believes that Mr. Molina is entitled to a substantial departure from the sentence advised by the Guidelines and mandated by the statute. It would also appear that Mr. Molina is entitled to a departure based upon United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994). Mr. Molina has been incarcerated since March 11, 2006, the day he was arrested. The Government allocutes for a sentence of sixteen months in this matter.

WHEREFORE, the Government respectfully requests that the Court impose a sentence below the applicable Sentencing Guideline range and below any applicable statutory mandatory minimum.

Respectfully submitted,

JEFFREY A. TAYLOR, Bar No. 498610
United States Attorney

_____
ARVIND K. LAL, Bar Number 389489
Assistant United States Attorney
Organized Crime and Narcotics Trafficking Section
555 4th Street, N.W., Room 4217
Washington, DC 20530
(202) 353-8833

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Departure Motion has been served on counsel for the defendant, Joanne Vasco, by fax, this 25th day of April, 2007.

_____
Arvind K. Lal

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-361 (JR) |
| | : | |
| v. | : | |
| | : | |
| ANTONIO MOLINA | : | UNDER SEAL |
| Defendant. | : | |
| | : | |

### ORDER

Based upon the Government's motion to depart from the sentence otherwise required by the Sentencing Guidelines and the United Stated Code, the defendant's concurrence therewith and the entire record herein, it is hereby

ORDERED that the Government's motion to depart from the sentence otherwise required by the Sentencing Guidelines and the United Stated Code is granted. The specific sentence of the Court in this matter shall be filed under separate cover.

_____          _____
Date                                  JAMES ROBERTSON
                                      United States District Court Judge
                                      for the District of Columbia